NOT DESIGNATED FOR PUBLICATION

No. 124,211

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KATHERINE M. WINTERS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; ROBERT J. WONNELL, judge. Opinion filed July 8, 2022.
Affirmed.

*Katherine M. Winters*, appellant pro se.

*Bryan Ross*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellee.

Before CLINE, P.J., ISHERWOOD and HURST, JJ.

PER CURIAM: Katherine M. Winters challenges the district court's dismissal of her personal injury lawsuit on summary judgment and its denial of her motion to reconsider that ruling. We cannot evaluate the summary judgment ruling because she failed to provide an adequate record, and she did not establish the district court abused its discretion when denying her motion to reconsider. We thus affirm both rulings.

1

*The district court found the State immune from liability for Winters' injuries under the recreational use exception of the Kansas Tort Claims Act.*

Winters sued the State for injuries she sustained after tripping on the south steps of the Kansas Capitol building while attending a rally. The State moved for summary judgment, arguing it was immune from liability to Winters under the recreational use exception to the Kansas Tort Claims Act (KTCA). See K.S.A. 75-6104(o). This exception immunizes a governmental entity from liability for injuries resulting from the use of any public property intended or permitted to be used as a park, playground, or open area for recreational purposes, unless the governmental entity is guilty of gross and wanton negligence that proximately caused the injury. Winters countered by arguing the State was grossly and wantonly negligent. She claimed the State had begun placing warning tape across the step where she tripped at some point, but the tape was not there when she fell.

The district court entered summary judgment for the State. It found it was uncontroverted that the steps were public property permitted for use as an open area for recreational purposes, and Winters failed to provide evidence of gross and wanton negligence by the State. The court noted that to establish wanton conduct, "[f]irst, a plaintiff must show that the act was 'performed with a realization of the imminence of danger,' and, second, that the act was performed with 'reckless disregard or complete indifference to the probable consequences of the act." *Adamson v. Bicknell*, 295 Kan. 879, 890, 287 P.3d 274 (2012). The court found that even if it accepted Winters' argument, she provided no evidence as to why the State applied the tape. It pointed out that "[t]here may have been a multitude of reasons for tape having been applied to that step prior to the date of [Winters'] fall, including reasons entirely unrelated to an alleged hazard." It also found Winters failed to show the State had a realization of an imminence of danger, nor did she provide any evidence on the State's mental attitude or indifference toward the same.

Winters' counsel withdrew after the summary judgment decision. Acting pro se, Winters moved for reconsideration of that decision, raising claims of ineffective assistance of counsel and newly discovered evidence. The district court denied her motion. It found Winters had no constitutional right to counsel in a civil case, also noting she had selected and chosen to be represented by her former counsel. It also found that Winters' proposed newly discovered evidence still did not establish gross and wanton negligence by the State. Winters challenges both decisions on appeal.

*Winters failed to provide a sufficient record to address her appeal of the district court's summary judgment decision.*

We review a district court's ruling on a motion for summary judgment de novo, applying the same standards the district court applies:

> "'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and *where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment* must be denied.' [Citations omitted.]" *Hammond v. San Lo Leyte VFW Post #7515*, 311 Kan. 723, 727, 466 P.3d 886 (2020).

To conduct such a review, we must have the evidence considered by the district court. And Winters has the burden to provide this evidence in the record on appeal. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013).

3

Unfortunately, Winters failed to designate a sufficient record to allow us to consider her arguments on appeal. None of the summary judgment briefing is in the record on appeal. And while she filed a copy of the State's memorandum in support of its summary judgment motion and her response with the appellate court's electronic filing system, she included none of the exhibits. She also did not provide a copy of the State's reply brief (which the court's summary judgment order references).

The absence of these exhibits and reply brief is important because Winters claims on appeal that she properly controverted some of the State's facts in support of its motion (paragraphs 8 and 29), and that she provided additional uncontroverted facts in her response which should have prevented summary judgment. But we cannot evaluate her claims without the evidence the parties relied on to support and controvert the proposed uncontroverted facts or the State's reply to her response.

Because Winters did not provide the evidence that the district court relied on to make its factual findings and ultimate decision, we cannot review the sufficiency of that evidence or determine whether its decision was appropriate. Winters' challenge of that decision fails. *Evergreen Recycle v. Indiana Lumbermens Mut. Ins. Co*., 51 Kan. App. 2d 459, 488, 350 P.3d 1091 (2015) (citing *Friedman*, 296 Kan. at 644-45) ("The burden is on the party making a claim to designate facts in the record to support that claim; without such a record, the claim of error fails.").

*Winters establishes no error in the district court's denial of her motion to reconsider its summary judgment decision.*

Arguably, Winters' failure to properly support her appeal of the district court's summary judgment decision also dooms her challenge to the district court's denial of her motion to reconsider that decision. If we cannot evaluate the propriety of the original decision, we cannot say whether that decision should be reconsidered for the reasons

4

Winters claims (her attorney failed to offer evidence she claims would have impacted that decision). Still, even considering the merits of the district court's denial of Winter's motion, we see no error.

Motions to reconsider are generally treated as motions to alter or amend a judgment under K.S.A. 2021 Supp. 60-259(f). *In re Estate of Lentz*, 312 Kan. 490, Syl. ¶ 2, 476 P.3d 1151 (2020). But Winters relies on K.S.A. 2021 Supp. 60-259(a)(1)(E) ("newly discovered evidence that is material for the moving party which it could not, with reasonable diligence, have discovered and produced at the trial") as one of the grounds for her motion. And K.S.A. 2021 Supp. 60-259(a) sets forth reasons a district court may grant a motion for a new trial. In any event, we review a district court's denial of either of these motions—a motion to alter or amend or a motion for a new trial under K.S.A. 2021 Supp. 60-259(a)—for an abuse of discretion. See *Bd. of Cherokee County Comm'rs v. Kansas Racing & Gaming Comm'n*, 306 Kan. 298, 323, 393 P.3d 601 (2017) (citing *Exploration Place, Inc. v. Midwest Drywall Co.*, 277 Kan. 898, 900, 89 P.3d 536 [2004]); *Exploration Place, Inc.*, 277 Kan. at 900 (providing motions to reconsider generally treated as motions to alter or amend under K.S.A. 60-259[f] and standard of review for denial of motion to alter or amend is abuse of discretion); *King v. Casey's General Stores, Inc.*, 57 Kan. App. 2d 392, 400, 450 P.3d 834 (2019) (providing that standard of review for denial of motion for a new trial under K.S.A 60-259[a] is abuse of discretion). A district court abuses its discretion if: (1) no reasonable person would take the view adopted by the court, (2) its decision stems from an error of law, or (3) its decision stems from an error of fact. *Kansas Racing & Gaming Comm'n*, 306 Kan. at 323; *King*, 57 Kan. App. 2d at 400.

Winters asked the district court to reconsider its summary judgment decision because she claimed her counsel was ineffective in responding to the State's summary judgment motion (and in handling various other aspects of the case). She also claimed she had evidence her attorney did not offer which would have altered the court's decision.

5

She tried to use this evidence to controvert proposed statements of fact from the State's motion for summary judgment which she did not previously controvert. She attached: (1) photos of the steps and her injuries, (2) an unsigned affidavit (which she claimed her attorney tried to convince her to sign for use in responding to the State's motion for summary judgment, but she refused), (3) an e-mail from the State's attorney to her attorney (in which the State's attorney said: "[i]n 2010, the State apparently began placing colored tape on certain steps, which would be within 10 years of the date of loss"), and (4) three nonconsecutive pages from what looks like the State's reply brief. She also stated she had witnesses who could testify that warning and handicap signs were not present at the Capitol building on the day she fell and who felt the steps on which Winters fell were dangerous. She repeats these arguments on appeal.

First, the district court did not abuse its discretion in finding that Winters has no constitutional right to counsel in a civil case. Only criminal defendants have a constitutional right to effective assistance of counsel. See *Khalil-Alsalaami v. State*, 313 Kan. 472, 484-85, 486 P.3d 1216 (2021) ("The Sixth Amendment to the United States Constitution guarantees that '[i]n all *criminal prosecutions*, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.' . . . The right to counsel . . . 'guarantees the right to effective assistance from the attorney.' . . . 'The purpose of the effective assistance guarantee "is simply to ensure that *criminal defendants* receive a fair trial."'" [Emphases added.]); *McIntyre v. State*, 54 Kan. App. 2d 632, 637, 403 P.3d 1231 (2017). As the district court aptly noted, Winters picked her counsel. She did not have to use that attorney's services, and she could have terminated her relationship with that attorney at any time. Thus, this argument provided no basis for the district court to reconsider its summary judgment decision.

The district court also did not abuse its discretion in denying Winters' request for a new trial or reconsideration based on newly discovered evidence. First, the district court could have disregarded all the evidence Winters cited in her motion to reconsider because

none of it qualified as newly discovered under K.S.A. 2021 Supp. 60-259(a)(1)(E) (newly discovered evidence must be material and that which the moving party could not, with reasonable diligence, have discovered and produced at trial). Instead, the court considered all the evidence and found it immaterial, since it would not change the summary judgment decision.

The district court noted that none of the evidence Winters cited in her motion demonstrated gross and wanton negligence by the State. We agree. None of the new evidence demonstrated why the State applied the tape in the past, that the State had a realization of an imminence of danger, or demonstrated the State's mental attitude or indifference toward the same. For these reasons, we cannot say that no reasonable person would agree with the district court's decision to deny Winters' motion.

*Winters did not preserve the remaining three issues in her brief since she raises them for the first time on appeal.*

Matters not raised before the district court generally cannot be raised for the first time on appeal. *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016). Three of Winters' issues on appeal were not raised and ruled on by the district court:

> "ISSUE IV[:] The judge took the Defendant's statements as factual, which was proven in the Reconsideration hearing as not factual and quoted as such in his summation in granting the Summary Judgment for Defendant, thus, violating my 'DUE PROCESS' based on false information given by Defendant.
>
> "ISSUE V: The Defendant prevented Plaintiff's ability to use the American Disability Act of 1990 as amended, Title 42-The public health and welfare, Chapter 126, Sub Chapter II-public services, Prohibition against discrimination and other generally applicably conditions.
>
> . . . .
>
> "ISSUE VII: DEPRIVATION OF RIGHTS UNDER COLOR OF LAW, TITLE 18, U.S.C., SECTION 242."

7

While there are exceptions to the general rule that issues cannot be raised for the first time on appeal, Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 35) requires Winters to explain why the newly raised issue is properly before us. She did not. And even if we exercised our discretion to find that one of the recognized exceptions applied, Winters did not adequately brief any of these three issues. *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020). She did not provide an argument with supporting legal authority for any of these issues. Instead, she simply discussed some of the facts surrounding her claim of being denied due process in the statement of the facts section of her brief. This is insufficient to obtain appellate review. *Joritz v. University of Kansas*, 61 Kan. App. 2d 482, 501, 505 P.3d 775 (2022) (declining to address pro se litigant's arguments made in facts section, finding them impermissible under Supreme Court Rule 6.02[a][4]). As a result, we find Winters has waived or abandoned appellate review of these three issues. See *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017); *Joritz*, 61 Kan. App. 2d at 498-99.

Affirmed.